IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER RUTZ, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12–cv–0026–MJR–PMF |
| | ) |
| NOVARTIS PHARMACEUTICALS CORP., | ) |
| | ) |
|        Defendant. | ) |

# ORDER

**REAGAN, District Judge:**

In January 2012, this pharmaceuticals liability case was remanded to this district from an MDL docket in the Middle District of Tennessee. On November 9, 2012, the undersigned judge held a hearing on four motions challenging the admissibility of certain evidence under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993). Those motions were resolved by an order dated December 7, 2012.

Now Defendant has filed eleven motions in limine (Docs. 153–57, 159–64), plus a motion to seal certain documents offered in support of its motion at Docket No. 154. The Court will turn first to the motions in limine, then to the issue of whether the three documents identified by Defendant should be sealed.

    **1. Motions in Limine requiring *Daubert* analysis: Denied as Untimely**

Defendant's motions at Docket Nos. 153, 163, and 164 each implicate Federal Rule of Evidence 702 and *Daubert*. As the Court's case management procedures clearly provide, all *Daubert* "motions (seeking to exclude expert testimony / evidence) must be filed by the dispositive motion deadline," not the deadline for motions in limine         ***See***

**http://www.ilsd.uscourts.gov/documents/Reagan.pdf.** *Daubert* motions are typically due at the dispositive motion deadline so the Court has adequate time to research the issues presented, hold a hearing, and formulate a ruling.

The instant motions in limine were filed on April 4, 2013, over ten months after the May 29, 2012 deadline for *Daubert* motions. There is no time available on the Court's congested calendar to rule on additional *Daubert* motions before the May 28, 2013 trial. Defendants' motions in limine **(Doc. 153, Doc. 163, Doc. 164)** are therefore **DENIED** as untimely.

**2.  Motion to Seal: Denied**

Defendant has moved to seal three exhibits (all of them e-mails or e-mail chains) that is has submitted in support of its motion in limine at Docket No. 154. Defendant offers two general reasons for keeping the documents from the public view: the Protective Order in the MDL case contemplates sealing the documents, and that sealing would be "appropriate" under Federal Rule of Civil Procedure 26 and Seventh Circuit caselaw, since the emails contain (respectively) "confidential company research," an "internal discussion dealing with regulatory issues," and an internal discussion that might prove embarrassing to one of Defendant's sales representative.[1] According to Defendants' motion, Plaintiff has informed Defendant that, although he does not agree that the documents are confidential, Plaintiff does "not wish to litigate that issue now."

Unfortunately for Defendant, more than just Plaintiff's interests are at stake here. The public, which pays for the courts, has an interest in what goes on at all stages of a judicial proceeding. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, **178 F.3d 943, 945 (7th Cir. 1999).** Whether the parties consent to sealing the information is beside the point: dispositive documents in any litigation enter the public record notwithstanding any earlier

---

[1] In the "embarrassing" email at issue, the sales representative refers to a doctor as a "SCHMENDRICK" (emphasis in original). According to the Oxford English Dictionary, the term "schmendrick" (alternatively spelled "schmendrik" or "shmendrik" derives from the name of a character in an operetta by Abraham Goldfaden, and refers to a "contemptible, foolish or immature person; an upstart, a 'sucker.'" **OXFORD ENGLISH DICTIONARY ONLINE,** http://www.oed.com/view/Entry/172445 (last visited Apr. 5, 2013).

agreement. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) (citing *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994)). The judge stands as the primary representative of the public's interest, and may only seal part of a case's record if good cause to do so exists. *Citizens First Nat'l Bank*, 178 F.3d at 945. Once documents have been used in a court proceeding, they are presumptively open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality. *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009).

Good cause does not exist here. The first email Defendant seeks to seal contains a list of agenda items pertaining to a meeting to develop a follow-up form for osteonecrosis of the jaw (ONJ) related to Zometa, the same drug at issue in this case. *See Baxter Int'l*, 297 F.3d at 547 (things "vital to claims made in litigation … must be revealed."). The second, an internal discussion of regulatory issues, describes an attempt between the FDA and Defendant to synchronize database information. And the third contains not only a sales representative's conclusion that a doctor is a schmendrick, but also that doctor's opinion regarding the link between ONJ and certain drugs.

Defendant's conclusory contention that the e-mails are "internal analyses and processes" that constitute "confidential business information" is not enough to outweigh the citizenry's interest in public litigation. *See Baxter Int'l*, 297 F.3d at 547 ("bald assertion" that confidentiality promotes business interests was insufficient); *id.* ("[M]any litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed."). Nor are Defendant's invocations of Federal Rule 26 and the MDL Court's Protective & Confidentiality Order persuasive. The documents at issue here are no longer part of discovery: a party has brought them to bear in seeking a ruling from this Court. Rule 26

governs only discovery matters, and the Seventh Circuit has clearly delineated between the interests inherent in secrecy agreements during discovery (which expedite that process by avoiding document-by-document analysis) and the interests triggered when a controversy comes before the Court.  *See Baxter Int'l*, 297 F.3d at 545 ("Secrecy is fine at the discovery stage, before the material enters the judicial record.  But those documents … that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality."); *Bond*, 585 F.3d at 1075 ("The rights of the public kick in when material produced during discovery is filed with the court.").

Defendant's Motion to Seal (**Doc. 152**) is therefore **DENIED**.  Rather than ordering the already-submitted documents unsealed, the Court will **DENY (Doc. 154)** the motion they are intended to support, and order the sealed documents (**Docs 149–51) DELETED** from the record.  Defendant is free to re-file (by the close of business on Tuesday, April 10) its motion in limine, but if it chooses to support it with documentation, it must expose that documentation to the public view.  *See id.* ("How else are observers to know what the suit is about or assess the judges' disposition of it?").

## CONCLUSION

For the foregoing reasons, Defendant's Motions in Limine (**Doc. 153, Doc. 163, and Doc. 164**) are **DENIED** as untimely.  Defendant's Motion for Leave to File Under Seal (**Doc. 152**) is **DENIED**, and the Court **DIRECTS** the Clerk to **DELETE** Defendant's prematurely-sealed documents (**Docs. 149–51**) from the record.

IT IS SO ORDERED.
DATE: <u>April 8, 2013</u>                                         <u>/s/ *Michael J. Reagan*    </u>
                                                                                    **MICHAEL J. REAGAN**
                                                                                    United States District Judge